**Affirmed and Memorandum Opinion filed July 23, 2024.**



In The

# Fourteenth Court of Appeals

### NO. 14-23-00066-CV

### MARIA HUERTA, Appellant

### V.

### AXIOM ACQUISITION VENTURES, LLC, Appellee

**On Appeal from the County Civil Court at Law No. 3**
**Harris County, Texas**
**Trial Court Cause No. 1182993**

### MEMORANDUM OPINION

Appellee Axiom Acquisition Ventures, LLC filed suit against appellant Maria Huerta to collect on Huerta's defaulted credit debt. In what we construe as a single appellate issue, pro se appellant Maria Huerta challenges the trial court's judgment in favor of Axiom.[1] We affirm the judgment of the trial court as

---

[1] Huerta's appellate brief has no "issues presented" section, but the sub-header under her "argument" section is labeled: "Huerta's complaint state[d] a claim for violations of the FDCPA [Fair Debt Collection Practices Act] sufficient to survive a Rule 12(b)(6) motion to dismiss because she allege[d] that Axiom misrepresented the amount she owed[.]" FDCPA, 15 U.S.C.

challenged on appeal.

## I. BACKGROUND

Huerta's bank, BBVA, extended her credit, which she used to make purchases. Huerta defaulted on the amount she owed under credit, and Axiom acquired the bill of sale on the defaulted debt. In March 2022, Axiom filed suit against Huerta, seeking to recover the $26,322.39 due on Huerta's loan. Huerta filed an answer, which included the following statement, "I do not have any responsibility for the debt you are trying to collect. . . . Stop all other communication with me and with this address, and record that I dispute having any obligation for this debt." After filing her answer, Huerta did not otherwise participate in the proceedings; there has been no allegation that Huerta did not receive notice as required under any of the relevant rules.

A nonjury trial was held, but Huerta did not appear. On January 12, 2023, the trial court signed a judgment in favor of Axiom. Huerta filed a timely notice of appeal challenging the trial court's judgment.

## II. ANALYSIS

Although Huerta's sole appellate argument is that her "complaint state[d] a claim for violations of the FDCPA sufficient to survive a Rule 12(b)(6) motion to dismiss because she allege[d] that Axiom misrepresented the amount she owed[,]" the record does not reflect that Huerta ever filed a complaint or countersuit. She was the defendant below, with Axiom as the plaintiff. There was no motion to dismiss filed by either party.[2] It is impossible to say the trial court erred in granting

---

§§ 1692-1692p.

[2] Rule 12(b)(6) is a federal procedure to dismiss baseless claims; Rule 91a of the Texas Rules of Civil Procedure is the Texas counterpart. *See GoDaddy.com, LLC v. Toups*, 429 S.W.3d 752, 754 (Tex. App.—Beaumont 2014, pet. denied) ("While not identical, Rule 91a is analogous

2

a motion to dismiss when no such motion was ever filed, let alone granted.

To the extent that Huerta's appellate issue could be construed as arguing that the trial court erred by rendering a judgment in favor of Axiom despite its alleged infractions of the FDCPA, that complaint is different from any objection she brought to the trial court's attention. *See* Tex. R. App. P. 33.1(a). While she argues on appeal, for the first time, that Axiom violated the FDCPA, she never made a timely objection on that ground, or any other ground, to the trial court. *See id.* Based on the record before us, it appears that Huerta filed her original answer—arguing that she had no outstanding debt whatsoever—and then filed nothing else until her notice of appeal.[3] Any complaint about Axiom's alleged violation of the FDCPA has not been preserved. *See id.*

Huerta's appellate brief alleges in generalities that Axiom has violated the FDCPA without any evidence to support that claim. If such evidence exists, then the proper forum for introducing the evidence and making those legal arguments was the trial court. Accordingly, we overrule Huerta's sole issue.

### III.  CONCLUSION

We affirm the judgment of the trial court as challenged on appeal.

/s      Charles A. Spain
        Justice

Panel consists of Justices Wise, Spain, and Hassan.

---

to Rule 12(b)(6); therefore, we find case law interpreting Rule 12(b)(6) instructive."). However, the present case involved neither a Rule 91a nor a 12(b)(6) motion to dismiss.

[3] Huerta does not argue that she had no notice of the bench trial or was otherwise improperly notified. She gives no excuse or explanation for not appearing at trial.

3